HENRY S. FLINT *et als. vs.* EDWARD PEARCE *et als.*

A provision in an indenture of lease for a renewal, and for the appointment of referees to determine the rent for the renewed term, and to fix the price at which the lessors are to purchase lessee's improvements if the renewal is not made, constitutes an agreement for arbitration which is not revocable by either party to the indenture.

BILL IN EQUITY to set aside an award.

The complainants were lessees of the respondents under an indenture of lease which contained the following provision for a renewal : —

" Provided also, and it is further agreed, that three months at least before the expiration of said term the rent of said land for

a further term of five years from the expiration of said term of ten years, and also the buildings and improvements on said land, shall be appraised by three disinterested persons, one to be chosen by the lessors for the time being, one by the lessees for the time being, and one by the two so chosen ; and if either the lessors or lessees for the time being shall neglect to choose as aforesaid for ten days after the commencement of the last quarter of said term of ten years, then the person or persons not so neglecting shall be at liberty to nominate two disinterested persons, which two shall nominate a third, and the award in writing of said three referees, or any two of them agreeing, concerning the matters referred to them, shall be conclusive and binding on the parties to said reference ; and on the making of said award the lessors for the time being shall either purchase the said buildings and improvements at said appraised value or renew this lease for a further term of five years, to commence from the expiration of said term of ten years, at and under the said appraised rent, and in all other respects with, under, and subject to, the same provisions as are herein contained, except this present proviso for appraisal and renewal."

The referees provided for as above were duly appointed by the lessors and lessees. The two referees thus appointed chose a third. The three were unable to agree, and an award was made by two which the referee appointed by the lessees refused to sign. This bill in equity was filed to set aside the award so made and to have a new one ordered. The complainants claimed that the third referee was not a disinterested person, and that the submission had been revoked by them.

*July* 14, 1877. POTTER, J. Two questions are made in this case.

First, it is claimed that by the agreement the parties were entitled to have disinterested persons for appraisers, and that the third person chosen by the two first named was interested in the decision, he being a trustee of property similarly situated, and which was to be appraised with a view to fixing a new rate of rent. But it is not shown to our satisfaction that the property held by this trustee was in the same neighborhood, so as to be affected by the same considerations; and other assertions made by the complainants with a view to show collusion and unfair-

ness are contradicted by the other party. And it also appears that the dissenting appraiser was willing to fix the rent at $1,200, a considerable increase on the former rate.

Second, it was claimed that the submission had been revoked. We do not think it necessary on this point to go into the evidence, which is very conflicting, as we do not think the parties had any right to revoke it. In cases of agreements for arbitration the courts formerly leaned strongly against enforcing them, as tending to oust the courts of their lawful jurisdiction, but latterly the tendency of decisions has been more in favor of supporting them, and, fraud and mistake excepted, there is no sound reason why they should not bind the parties. But the present case is much stronger. There were no controversies of law or fact between the parties when this lease was made, but it is a solemn agreement under seal providing how, after a certain number of years, an appraisal of buildings shall be made, and giving the lessors the right to take them at such appraisal; also providing for fixing a rent for the next five years which the lessors are bound by. The parties have further provided for any failure by one party to nominate an appraiser by giving the right to the other party, in such case, to nominate two. We do not consider it an ordinary arbitration, or that either party has any right to revoke it. *Bill dismissed.*

*Thurston, Ripley & Co.*, for complainants.
*Tillinghast & Ely*, for respondents.